**NOT FOR PUBLICATION**

FILED

DEC 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY F. MULLALLY, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> JACKIE GORDON, individually and as General Manager of the Havasu Landing Casino; et al., <br><br> Defendants-Appellees. | No.    13-55152 <br><br> D.C. No. 5:07-cv-01626-VAP-DTB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted December 15, 2016[**]
San Francisco, California

Before:  CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gregory Mullally, a former manager of the Havasu Landing Casino ("Casino"),[1] appeals (1) the district court's order granting Defendants' motion to dismiss Mullally's defamation and conversion claims; (2) the district court's order granting Defendants' motion to dismiss Mullally's intentional misrepresentation and promissory fraud claims; and (3) the district court's order granting summary judgment as to Mullally's intentional interference claim. We affirm.

1.      Under principles of comity, "federal courts should recognize and enforce tribal judgments" unless "(1) the tribal court did not have both personal and subject matter jurisdiction; or (2) the defendant was not afforded due process of law." *Wilson v. Marchington*, 127 F.3d 805, 810 (9th Cir. 1997). Here, the Tribe's tribal court (the "Tribal Court") entered judgment on Mullally's defamation and conversion claims.[2]

---

[1]The Casino is owned and operated by the Chemehuevi Indian Tribe (the "Tribe").

[2]Mullally also challenges the district court's denial of his motion to amend his complaint to add claims of defamation and conversion against Lester Marston, the Tribe's attorney. The district court found that Mullally had not raised or exhausted his claims of defamation and conversion against Marston in the Tribal Court action. Mullally appears to argue that Marston was not a tribal employee or official, and thus the Tribal Court would not have jurisdiction over Mullally's claims against Marston. However, the Tribe has defined a "Tribal Official" as "a person who has been appointed by the Chemehuevi Tribal Council to hold an office with the Tribe." And under the Chemehuevi Administrative Code, the Tribe's Tribal Attorney is specifically identified as a tribal official.

The district court did not err by recognizing the Tribal Court's judgment under principles of comity. First, the Tribal Court had both personal and subject matter jurisdiction over Mullally's defamation and conversion claims. Personal jurisdiction is not in dispute—Mullally brought his claims to the Tribal Court and thus voluntarily subjected himself to the personal jurisdiction of the Tribal Court. *See Smith v. Salish Kootenai Coll.*, 434 F.3d 1127, 1137-38 (9th Cir. 2006) (en banc). The Tribal Court also had subject matter jurisdiction over Mullally's defamation and conversion claims. A tribal ordinance specifies that the Tribal Court has subject matter jurisdiction "over all matters in law or in equity which the Tribal Council expressly authorizes by ordinance." On March 29, 2008, the Tribal Council passed two separate ordinances authorizing the Tribal Court to hear actions for conversion, and actions for defamation. Mullally filed his complaint with the Tribal Court nearly one year later on March 27, 2009. Therefore, at the time Mullally presented his defamation and conversion claims to the Tribal Court, the Tribal Court had subject matter jurisdiction over such claims.[3]

Second, Mullally was afforded due process by the Tribal Court. Mullally contends that he was not afforded due process, because (1) Marston dominated the

_____

[3]Appellees' motion for an order directing Appellees to file a motion to strike or, in the alternative, to file a supplemental brief is DENIED as moot.

3

process in Tribal Court, and (2) Mullally was unable to appeal his judgment from the Tribal Court. Neither contention has merit. As the district court reasoned, "[Mullally's] allegations are largely unsupported by the evidence in the record." Further, although the Tribe does not have a court of appeals, Mullally was able to separately present his claims to both the Tribal Council and the Tribal Court. Mullally's claims were thus reviewed by two separate Tribal bodies. *Cf. Marchington*, 127 F.3d at 811 (concluding that evidence that a party lacked "access to appeal *or review*" would "support a conclusion that the legal system was one whose judgments are not entitled to recognition" (emphasis added) (quoting Restatement (Third) of Foreign Relations Law § 482 cmt. b (1987))).

2.      Under California law, intentional misrepresentation claims and promissory fraud claims both require a showing of actual reliance by the plaintiff. *See Alliance Mortg. Co. v. Rothwell*, 900 P.2d 601, 608 (Cal. 1995) (in bank); *Agosta v. Astor*, 15 Cal. Rptr. 3d 565, 569–70 (Cal. Ct. App. 2004). Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard where a complaint alleges fraud.

The district court did not err by dismissing Mullally's intentional misrepresentation and promissory fraud claims. Mullally's claims stem from the Casino's alleged misrepresentations that Mullally was covered by the Family and

4

Medical Leave Act ("FMLA").[4]  However, Mullally has not explained in his pleadings how he relied on the alleged misrepresentations.  The misrepresentations allegedly occurred after Mullally had already accepted a position with the Casino. As the district court explained, "[Mullally] makes no allegation that Defendants promised [Mullally] FMLA benefits before he accepted employment with the Casino, nor does he allege that he would have chosen to reject the offer of employment with the Casino had he known the truth about the FMLA leave."

3.    Under California law, Mullally must show five elements to state a cause of action for intentional interference with contractual relations: "(1) a valid contract between [Mullally] and a third party; (2) defendant[s'] knowledge of this contract; (3) defendant[s'] intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 791 P.2d 587, 589–90 (Cal. 1990) (in bank).

The district court did not err by granting summary judgment on Mullally's intentional interference claim.  Mullally alleges that certain Casino employees

_____

[4]Mullally does not allege that he was actually covered by the FMLA, or that the Casino breached any agreement with him when it refused to provide him with FMLA leave.  Instead, Mullally's claims are based on a theory of fraud—Casino employees either intentionally misrepresented to or fraudulently promised Mullally that he was covered by the FMLA.

5

interfered with two insurance claims that he filed with Colonial Life and Accident Insurance Company. First, on November 7, 2007, Mullally filed a claim with Colonial for disability benefits for mood disorder arising from stress. Colonial denied Mullally's claim, because his condition was not covered by his policy. In relation to this first claim, Mullally fails to evidence any actions by defendants designed to disrupt his contractual relationship with Colonial, any actual breach or disruption of this contractual relationship, or any resulting damage.

Mullally later filed a claim with Colonial based on a knee replacement operation. Immediately after being contacted by Colonial, the Casino's HR director provided Colonial with the employer information necessary for the claim form. Further, Colonial awarded Mullally benefits arising from his knee operation. Once again, in relation to the second claim, Mullally fails to evidence any actions by defendants designed to disrupt his contractual relationship with Colonial, any actual breach or disruption of this contractual relationship, or any resulting damage.

**AFFIRMED.**